AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Ismael Delgado-Celis | ) | 2:24-MJ-033 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____September 12, 2024_____ in the county of _____Jeff Davis_____ in the _____Southern_____ District of _____Georgia_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C.  841(a)(1) | Possession with Intent to Distribute Controlled Substance [Methamphetamine] |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Jason S. Peters*
_____
*Complainant's signature*

Jason S. Peters
_____
*Printed name and title*

Sworn to by reliable electronic means.

Date: _____09/13/2024_____

_____
*Judge's signature*

City and state: _____Brunswick, Georgia_____     Benjamin W. Cheesbro, U.S. Magistrate Judge
_____
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
FOR ARREST WARRANT**

## INTRODUCTION

I, Jason S. Peters, being first duly sworn, hereby depose and state as follows:

1.      I have been a special agent with the Drug Enforcement Administration (DEA) for approximately three (3) years.  I am currently assigned to the Savannah District Office in Savannah, Georgia.  My primary duties at DEA include the investigation of large-scale drug trafficking organizations ("DTO's") and money laundering organizations ("MLO's").  From March 28, 2021, to July 16, 2021, I attended Basic Agent Training in Quantico, Virginia, where I received hundreds of hours of advanced and specialized law enforcement training in the field of illegal drug enforcement and investigations. I am an investigative, or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I have approximately eleven (11) years of experience in law enforcement.  Prior to joining the DEA, I was employed by the Tupelo Police Department in Tupelo, Mississippi, for approximately seven (7) years.  I have conducted numerous narcotics and drug-related investigations involving violations of federal and state narcotics laws. In conducting these investigations, I have used a variety of investigative techniques and resources, which include, but are not limited to, conducting physical and electronic surveillance, monitoring court-authorized wiretaps, and utilizing confidential sources ("CS" or "informants"). Through these investigations, my training and experience, in conjunction with conversations with other agents, as well as other law enforcement personnel, I have become familiar with the methods used by narcotic traffickers,

including, but not limited to, the methods of importing, packaging, transferring and distributing narcotics, the use of cellular telephones, the use of numerical codes, text messages, code words and other methods of avoiding detection by law enforcement, as well as the types and amounts of profits made by drug traffickers and the methods, language and terms that are used to disguise the source and nature of the profits from their illegal narcotics dealing. I also have experience in debriefing defendants, co-conspirators, witnesses, and informants who have been involved in unlawful drug trafficking activities.

3.  Your Affiant has conducted and participated in numerous drug-related investigations involving physical and electronic surveillance; the interception and analysis of wire and oral communications; execution of search and arrest warrants; evidence handling; undercover operations; the control and administration of confidential sources; and investigating domestic and international DTOs and MLOs. Your Affiant has participated in the arrest and subsequent prosecution of numerous drug users and dealers.  Your Affiant has also spoken on numerous occasions with informants, suspects and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their DTOs/ MLOs and the most effective methods of investigating and dismantling these organizations.

4.  Based on my training and experience, I know that drug trafficking at the retail level is largely a cash business.  I know that drug traffickers often generate large amounts of unexplained wealth, and through financial transaction, attempt to conceal, disguise or legitimize unlawful proceeds through domestic banks and their attendant services, securities brokers, professionals, such as attorneys and accountants, casinos, real estate, shell corporations and business fronts, and otherwise legitimate businesses which generate large quantities of currency.  In addition, drug traffickers often use drug proceeds to purchase additional narcotics to perpetuate and promote the

ongoing conspiracy.  I know that drug traffickers often use cell phones to communicate with co-conspirators in furtherance of their money laundering activities.

5.      I am currently investigating the activities of Ismael DELGADO-CELIS, whom I believe has knowingly and intentionally distributed methamphetamine on multiple occasions in violation of 21 U.S.C. § 841(a).  These acts occurred in Hazlehurst, Georgia, which is located within the Southern District of Georgia.  I submit this complaint in support of an arrest warrant for Ismael DELGADO-CELIS.

6.      The facts in this affidavit come from my personal observations, training and experience, and information obtained from other law enforcement officers, agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

7.      On September 9, 2024, at FedEx in Memphis, Tennessee, a parcel manifested as "HANDCRAFTED WOODEN FRAME, LINED WITH COWHIDE AND M" was selected for intensive exam by Customs and Border Protection (CBP) Officers utilizing border search authority.  On September 11, 2024, the shipment was x-rayed and anomalies were identified.  The parcel was cut open and a white crystal substance was found concealed within a horse saddle.  The unidentified substance was tested using the GEMINI instrument which resulted in a presumptive positive test for methamphetamine, a schedule II-controlled substance.  The methamphetamine was not removed from the saddle at this time.  The gross weight of the parcel was 23.2 kilograms. CBP officers maintained custody of the parcel until it was transferred to Homeland Security Investigations (HSI) in Memphis, Tennessee.

8.      The specifics of the parcels sender and receiver are as follows:

>   **Shipper**: Ezequiel Sanchez Flores Juarez
>
>   327A Local 4 Ocotlan
>
>   Jalisco, MX 47800 Phone: 333-831-7593
>
>   **Receiver**: Jaime Sanchez Flores
>
>   2 WD Circle Lot 32
>
>   Hazlehurst, Georgia 31539 Phone: 912-347-9167

9.      Investigators conducted open source searches on 2 WD Circle Lot #32, Hazlehurst, Georgia and could not find any person by the name Jaime Sanchez Flores living at the location. In addition, United States Postal Inspection Service (USPIS) ran parcel checks through internal systems and discovered 2 WD Circle Lot #32, Hazlehurst, GA has only received one parcel through USPS since March, 2024. USPIS also could find no connection between 2 WD Circle Lot #32, Hinesville, GA and Jaime Sanchez Flores.

10.      Investigators conducted extensive searches through law enforcement databases for telephone number 912-347-9167, and discovered this phone number is linked to Ismael DELGADO-CELIS (hereinafter DELGADO-CELIS) in Hazlehurst, Georgia as recently as March, 2024.    Open-source searches revealed DELGADO-CELIS listed 2 WD Circle, Lot #31, Hazlehurst, GA as his home address. Investigators identified, through law enforcement databases, DELGADO- CELIS was arrested on January 1, 2021 in Jeff Davis County for Driving Under the Influence.  After being arrested, DELGADO- CELIS provided 2 WD Circle Lot #32, Hazlehurst, GA as his home address to law enforcement.   Additionally, DELGADO- CELIS provided telephone number 912-347-9167 as his phone number.

4

11.      On September 12, 2024, DEA Special Agents Matthew Fogarty and Jason Peters retrieved the seized package from HSI agent Israel Borup in Savannah, Georgia.  DEA Special Agents took possession of the seized methamphetamine and transported the package to the DEA Office in Savannah and secured it in the DEA evidence room.  The narcotics were field tested which resulted in a positive result for methamphetamine.

12.      Based on my training and experience, I know that individuals that ship narcotics thorough the US Mail and other common carriers will often use fictitious names and addresses to hide their actual identity from law enforcement.  Agents have conducted research of the recipient of the parcel and have not identified any individual by the name Jaime Sanchez Flores with ties to Hazlehurst, Georgia.   Additionally, Jalisco, Mexico is a source country where large quantities of narcotics are produced with the intention of the narcotics being sent to the United States.

13.      On September 12, 2024, DEA investigators queried the Jeff Davis County Tax Assessor's Office regarding 2 WD Circle, Lot #32, Hazlehurst, GA.  The account number "PB-2165" lists Lot 32 as owned by Rios Emma CELIS as of 2020.  The image on the tax assessor's office depicts a white single wide trailer with blue/green trim.  Investigators conducted an open source search of CELIS which lists the name as Emma CELIS-RIOS.

14.      On September 12, 2024, investigators conducted physical surveillance on 2 WD Circle in Hazlehurst, GA.  Investigators observed DELGADO-CELIS standing in the open doorway of a single wide trailer on Lot #32.  The trailer is described as a white single-wide trailer with tan/brown trim around the top of the exterior.

15.      Based on Your Affiants knowledge, training, and experience, methamphetamine is a Schedule II controlled substance.  Based on the information obtained through investigative means, Your Affiant believed DELGADO- CELIS was using 2 WD Circle, Lot #32, Hazlehurst,

GA as a shipping address and that the TARGET PACKAGE was intended for DELGADO-CELIS. Based on your Affiant's knowledge, training, and experience, there was unlikely to be any legitimate reason for delivery of large amounts of methamphetamine to a personal residence. Based on your Affiant's knowledge, training, and experience, delivery of such a controlled substance to a personal residence is indicative of illegal distribution of controlled substances.

16.     On September 12, 2024, Appling County Sheriff's Office Investigator Brandon Carver applied for and was granted a State of Georgia anticipatory search and seizure warrant for the residence at 2 WD Circle, Lot #32, Hazlehurst, GA, which was signed by Chris Davenport, Chief Magistrate Judge of the Magistrate Court in Jeff Davis County, Georgia.

17.     On September 12, 2024, Agents and Task Force Officers with DEA Savannah District Office coordinated with Homeland Security Investigations (HSI), United States Postal Service Inspectors Office (USPIS), Customs and Border Protection, Appling County Sheriff's Office and Jeff Davis County Sheriff's Office to conduct a controlled delivery of the TARGET PACKAGE.  During the controlled delivery operation, DELGADO-CELIS received the TARGET PACKAGE from USPIS Inspectors at the front door of 2 WD Circle, Lot #32, Hazlehurst, GA, and carried it inside the residence, thus triggering the execution of the aforementioned State of Georgia anticipatory search and seizure warrant.  Execution of the search and seizure warrant resulted in the positive identification and arrest of DELGADO-CELIS, who was the sole occupant of the residence at that time.  DELGADO-CELIS was found in possession of methamphetamine on his person at the time of his arrest.   The TARGET PACKAGE was located inside the residence in a bedroom.

18.     DELGADO-CELIS, who was mirandized on scene by a Spanish-speaking investigator before being questioned, stated the TARGET PACKAGE was intended for him and the bedroom in which the TARGET PACKAGE was located was also his.

19.     On September 12, 2024, DELGADO-CELIS was transported to the Appling County Sheriff's Office to be interviewed by your Affiant.  With the assistance of DEA Group Supervisor David Crofts and Jeff Davis County Investigator Jesse Martinez, who acted as Spanish-speaking translators, your Affiant interviewed DELGADO-CELIS about the TARGET  PACKAGE.  Prior to the interview, DELGADO-CELIS was reminded of his Miranda Rights by DEA Group Supervisor David Crofts, which he acknowledged.

20.     During the interview, DELGADO-CELIS stated "{translation} to tell you the truth" he knew the methamphetamine was inside the TARGET PACKAGE and he "{translation} was not gonna lie".  Additionally, DELGADO-CELIS stated he received the methamphetamine from a Mexico-based source of supply and, although it was his "{translation} first time", he intended to distribute the methamphetamine.  When asked about his current citizenship status, DELGADO-CELIS stated he was an illegal immigrant from Mexico that had been living in the Georgia area for approximately seven (7) years.

## CONCLUSION

21.     Your affiant submits that the facts set forth in this affidavit establish probable cause to believe Ishmael DELGADO-CELIS committed violations of 21 U.S.C. Section 841(a). Therefore, your affiant respectfully requests this Court issue an arrest warrant for Ishmael DELGADO-CELIS.

Respectfully submitted,

*//s// Jason S. Peters*
Jason S. Peters
Special Agent, DEA

Sworn to by reliable electronic means, to-wit:
video-teleconference, pusrant to Fed.R.Crim.P.
4.1(b)(6) on September 13, 2024.


HONORABLE BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8